A. M. HAYNES v. BOARD OF COUNTY COMMISSIONERS OF BLUE EARTH COUNTY.[1]

July 3, 1896.

Nos. 9966—(233).

**County Surveyor—Voluntary Service—Implied Request—G. S. 1894, § 831.**

G. S. 1894, § 831, which provides that the county surveyor shall execute all surveys which shall be ordered by any court, board of county commissioners, or town supervisors, construed, and *held* that it does not authorize a county surveyor, whenever a county or a town let a contract for public improvements, the plans of which, in his opinion, necessitate the service of a surveyor or civil engineer, to do the work at the expense of the county or town, on his own motion, and without any request, express or implied, from the proper public authorities. Such request cannot be implied from the mere fact that they adopt plans and let the contract for the improvement.

Appeal by defendant from an order of the municipal court of Mankato, Shissler, J., denying a motion for a new trial.    Reversed.

*C. L. Benedict*, for appellant.
*W. R. Geddes*, for respondent.

START, C. J.    The plaintiff is the county surveyor of the defendant county, and brought this action to recover from the defendant compensation for alleged official services.    The material part of his complaint is, in substance, in these words:    That between the

1 Reported in 67 N. W. 1005.

first day of January and the fourteenth day of August, 1895, the plaintiff did and performed eleven days' service for the defendant in his official capacity as county surveyor, which services he was by law in duty bound to perform, aggregating the sum of $44. The answer admits that the plaintiff was and is county surveyor, puts in issue allegations of the complaint we have referred to, and alleges that if the plaintiff performed the alleged eleven days' service he did so of his own motion, without any authority from the defendant. The trial court made its findings of fact and conclusions of law, and ordered judgment for the plaintiff for the amount of the alleged services. The defendant appeals from an order denying its motion for a new trial.

It is not claimed by the plaintiff that any part of the services for which he seeks to charge the defendant was rendered in the execution of any survey expressly ordered by the board of county commissioners. It appears from the undisputed evidence that the defendant had adopted plans and specifications for certain public improvements, and let contracts for the work. These contracts related to the building of culverts and bridges and otherwise improving the county roads. The plaintiff thereupon, on his own motion, and without any request or authority of the defendant board except such as the law will imply, if any, from the fact that it adopted the plans and let the contracts, proceeded to do certain work as a surveyor and civil engineer with reference to such improvements and the execution of the contracts thereupon, which, in his judgment, was necessary to be done. It is for these services so rendered that he seeks to recover in this action.

The claim of the plaintiff is that, whenever the county lets a contract for the making of any public improvements, the plans and specifications of which necessitate the employment of the skill of a surveyor or engineer, it is the duty and the right of the county surveyor to do such work without further request or authority; and, further, that the board of county commissioners cannot employ any other surveyor or civil engineer to do the work. The trial court accepted this view of the statute, and made the following finding as to the plaintiff's services here in question:

"That he did, as such county surveyor, do and perform the services in his complaint alleged, and the services were all done and per-

formed upon improvements commenced and carried on by the board of county commissioners in the regular way by resolution of the county board, requiring the skill and the tools and implements of a surveyor and engineer, and that said board did give and order one J. R. Thompson to do and perform said work, he not being an elected, qualified, and bonded officer of the county to do and perform such services, while it is the right of and the duty of the duly elected, qualified, and bonded officer of the county to do and perform such services; and all the work by him done was necessary to the proper prosecution and completion of said improvements, and required the skill of a surveyor or civil engineer, and the use of tools and instruments employed in like professions."

It is upon this finding that the conclusion and order of the court for judgment for the plaintiff rests. If the contention of the plaintiff is justified by the statute, the ruling of the trial court was correct, and the order denying a new trial must be affirmed; otherwise it must be reversed.

The statute (G. S. 1894, § 831) provides that the county surveyor, by himself or one of his deputies, shall execute all surveys which shall be ordered by any court, board of county commissioners, town supervisors, or other public officers within his county, or upon the application of any individual or corporation. The next section of the statute (section 832) provides that he shall keep a correct record of all surveys made by him, and preserve a copy of the field notes; and section 833 prescribes the rules for making all surveys.

If these sections are read together, there is no room for doubt as to what surveys the county surveyer is required to execute when ordered by the court or by the town or county officers. They are such surveys as he is required to make a record of; for example, surveys of lands and roads. If the town supervisors or board of county commissioners decide to lay out or change a highway, and order a survey thereof, it would be the duty of the county surveyor under the statute to proceed and make the survey, without any further authority or direction; but the statute has no reference to the work of a civil engineer, and never was intended to authorize the county surveyor, whenever the town supervisors or county commissioners of his county let a contract for the building or repairing of a town hall, courthouse, bridge, road, or ditch, and he was of the opinion that the services of an architect or civil engineer were necessary or required by the plans adopted for the execution of the work, to render such

services of his own motion, and without any request, express or implied, so to do. The county surveyor is simply the surveyor of the county in the popular sense of the word; not its civil engineer. This is manifest from his duties as defined by statute. If a town or county have occasion for the services of a civil engineer it might be a proper and gracious act for them to employ the county surveyor, if competent; but he cannot force his services, in such cases, upon them, without their request or consent.

It follows from this construction of the statute that the plaintiff is not entitled to recover for the services in question without showing that they were rendered at the request, express or implied, of the defendant, and that the mere fact that defendant had let contracts for the public improvements as to which the services were rendered is not sufficient to establish such request. As there must be a new trial, we do not express any opinion as to whether the evidence shows such request as to plaintiff's services in giving the grade of the courthouse square.

Order reversed, and a new trial granted.